IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00563-BNB

JOHN RAINEY,

      Plaintiff,

v.

SGT. MORRIS, and
DENNIS BURBANK,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, John Rainey, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Centennial Correctional Facility in Canon City, Colorado.  Mr. Rainey initiated this action by filing a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis*.

The Court must construe the complaint liberally because Mr. Rainey is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Rainey is a prisoner and the Defendants are officers or employees of a governmental entity.   Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous.   A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.   *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Rainey is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.   *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.   *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).   For the reasons stated below, the Court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

As background for his claims, Mr. Rainey alleges that the Defendants confiscated a Bible from him because it was contraband.   He asserts that the Bible was used as evidence during his criminal trial, but the state court judge returned the Bible to him by court order after the trial.   Mr. Rainey alleges that he unsuccessfully sought to have the Bible returned to him through the grievance process.   He asserts that his First Amendment right to access the courts and his Fourteenth Amendment rights to due process and equal protection have been violated.   As relief, Mr. Rainey seeks damages.

With respect to Mr. Rainey's First Amendment allegations, to state a claim for

violation of the constitutional right to access the courts, an inmate "must demonstrate actual injury . . . – that is, that the prisoner was frustrated or impeded in his efforts to pursue a non-frivolous legal claim concerning his conviction or his conditions of confinement."  *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)).  Mr. Rainey does not allege that the Defendants' actions in confiscating his Bible actually hindered his ability to pursue a non-frivolous legal claim.  Therefore, Mr. Rainey fails to state a right of access claim.

Mr. Rainey's Fourteenth Amendment claims also lack merit.  The United States Constitution guarantees due process when a person is deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  However, "the United States Supreme Court has held that neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ."  *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

Further, a prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy.  *See id.* at 536 n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982).  The fact that Mr. Rainey's administrative grievances were not successful, by itself, does not mean that the grievance procedure was not an adequate remedy.  To the extent Mr. Rainey may be arguing that the DOC grievance procedure was not available to him because his grievances were ignored, the Court notes that Mr. Rainey also has an adequate remedy

3

available to him in state court under state law.  *See, e.g., Cooper v. Belcher*, 2010 WL

3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished decision) (noting that

"[a]dequate state remedies are not limited to the filing of grievances, but include filing

complaints in state court.").

Mr. Rainey also makes a brief reference to the Equal Protection Clause.  The

Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . .

. deny to any person within its jurisdiction the equal protection of the laws," U.S. Const.

amend. XIV, § 1.  When considering an equal protection claim, the Court applies a

rational basis test if "the challenged government action does not implicate either a

fundamental right or a protected class."  *Price-Cornelison v. Brooks,* 524 F.3d 1103,

1110 (10th Cir. 2008).  A person's right to equal protection is violated when the

government or its officials treat him differently than others who are similarly situated.

*See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v.

Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).  Equal protection, however, does not

require that all people be treated identically.  *See Hendking v. Smith*, 781 F.2d 850, 851

(11th Cir. 1986); *Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981).  Mr. Rainey fails

to demonstrate how the alleged confiscation of his Bible as contraband by prison

officials specifically violated his equal protection rights.

Therefore, having reviewed the Complaint, the Court finds that Mr. Rainey's

asserted claims and the complaint are legally frivolous and will be dismissed pursuant to

§ 1915(e)(2)(B).  Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

4

U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.   Accordingly, it is

   ORDERED that the complaint filed by Plaintiff, John Rainey, and the action will be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

   FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

   FURTHER ORDERED that all pending motions are denied as moot.

   DATED at Denver, Colorado, this _8th_ day of ___March_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court